PHILIP STEVEN ALLEN, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 9799

June 7, 1978                                     579 P.2d 771

*Morgan D. Harris,* Public Defender, and *John H. Howard,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Philip Steven Allen stands convicted, by jury verdict, of grand larceny, a felony under NRS 205.220.[1]

On November 19, 1974, appellant and another took a 1968 Plymouth Road Runner automobile from the O. M. Gann Auto Sales lot in Las Vegas, Nevada, agreeing to return it after making a compression check of the engine. The automobile was later discovered in appellant's possession at the time of his arrest in Van Nuys, California on January 17, 1975.

Appellant here contends admission of evidence concerning other unrelated crimes on rebuttal was improper. We disagree.

On direct examination, appellant testified extensively regarding his use of aliases. On rebuttal, the state introduced evidence of other criminal conduct to impeach that testimony.

Although appellant was impeached as to collateral matters, we believe "[t]he impeachment process here undoubtedly provided valuable aid to the jury in assessing [appellant's] credibility, . . ." Harris v. New York, 401 U.S. 222, 225 (1971). *Cf.* NRS 50.085. Thus, the evidence was more probative than prejudicial and, therefore, was properly admitted. *See* NRS 48.035.

---

[1]NRS 205.220 provides:

"Every person who shall feloniously steal, take and carry away, lead or drive away the personal goods or property of another, of the value of $100 or more shall be deemed guilty of grand larceny, and upon conviction thereof shall be punished by imprisonment in the state prison for any term not less than 1 year nor more than 10 years, and may be further punished by a fine of not more than $5,000."

We find Mr. Chief Justice Burger's rationale for admission of such evidence in *Harris* pertinent to the factual posture of this case:

> Every criminal defendant is privileged to testify in his own defense, or to refuse to do so. But that privilege cannot be construed to include the right to commit perjury. [Citations omitted.] Having voluntarily taken the stand, [appellant] was under an obligation to speak truthfully and accurately, and the prosecution here did no more than utilize the traditional truth-testing devices of the adversary process. *Id.,* at 225.

Other issues raised by appellant are without merit.
Affirmed.